APPLE, Appellant, v. EDWARDS et al., Respondents.
No. 8880
Submitted May 12, 1949. Decided July 23, 1949.
211 Pac. (2d) 138

Mr. Ralph J. Anderson, and Mr. Albert C. Angstman, both of Helena, for appellant. Mr. Angstman argued orally.

Mr. Merle C. Groene, Billings, for respondents. Mr. Groene argued orally.

Mr. Wallace N. Harper, Lewistown, for respondents on petition for rehearing.

MR. JUSTICE FREEBOURN:

From a judgment of the district court of the tenth judicial district of the state of Montana, in and for the county of Fergus, quieting title to certain Fergus county lands in Charles G. Edwards and Matilda Edwards, defendants and respondents, William Perry Apple, plaintiff, appeals.

On November 10, 1932, this court, in Apple v. Edwards, 92 Mont. 524, 16 Pac. (2d) 700, 87 A. L. R. 179, reversed the judgment of the Fergus county district court in favor of said Charles G. Edwards and Matilda Edwards for costs and remanded the cause to the lower court for further proceedings.

With no amendment of the pleadings and upon the same as considered by this court, the action was again set for trial by the lower court on November 27, 1933.

In the meantime, Mr. Ralph Anderson, N. M. Apple's attorney, was elected a member of this court. Finding it necessary to secure a new attorney, Apple filed a motion for continuance. This was denied and on the day set, the district court in the absence of N. M. Apple and his attorney, entered Apple's default and on December 15, 1933, awarded judgment in favor of defendants Charles G. Edwards and Matilda Edwards in the sum of $963 as damages and costs.

Execution issued on July 21, 1934. The sheriff of Fergus county on September 19, 1934, made his return on said execution showing such execution had been "satisfied in no part." No

other execution or alias execution was issued. On November 3, 1934, the sheriff made another "return on execution" showing that on November 3, 1934, he had sold all of N. M. Apple's right, title and interest to certain real property including: "The south half of section Thirty-one (31) and the south half of the southwest quarter of section Twenty-nine (29), Township Eighteen (18) North of Range Seventeen (17) East, Montana meridian in Fergus county, Montana" to the judgment creditors Charles G. Edwards and Matilda Edwards.

On November 1, 1943, William Perry Apple, son of N. M. Apple, who died in July 1934, filed a complaint in the district court of Fergus county, Montana, with said Charles G. Edwards and Matilda Edwards as defendants, alleging among other things that he was the owner of and entitled to the above described real property; that the defendants claimed interest in such property, and that title should be quieted in plaintiff. Defendants' answer in part alleged ownership of such property in themselves; that N. M. Apple, on and before July 21, 1934, and until November 3, 1934, had been the owner; that on December 5, 1933, defendants recovered judgment against N. M. Apple in the district court of Fergus county, Montana, which was docketed on the same day; that the sheriff of Fergus county levied upon the said real property and sold it to defendants, delivering a deed thereof to them on November 6, 1935; that a deed dated December 16, 1929, from N. M. Apple to William Perry Apple, plaintiff, to said real property, filed for record in the clerk and recorder's office on January 4, 1934, was void for non-delivery and because no valuable consideration had been given therefor. Prayer was for dismissal of plaintiff's complaint and that title to said property be quieted in defendants. The reply, after certain denials and admissions, in part alleged: That the said judgment of defendants against N. M. Apple was not properly docketed; that it was not a lien on the said property at the time the deed from N. M. Apple to William Perry Apple was recorded; that N. M. Apple had no interest in said property at the time of purported execution and sale; and that the deed of N. M. Apple to William

Perry Apple was good, had been delivered and was for a valuable consideration.

The proof of plaintiff showed a quit claim deed in usual form from N. M. Apple, a widower, to William Perry Apple, dated December 16, 1929, covering the described real property, for "the sum of one dollar and other valuable considerations," duly acknowledged and signed before a notary public on December 16, 1929, and filed for record on January 4, 1934. The testimony showed a consideration of cash money, the assumption of a mortgage on the lands and work done on such lands by plaintiff and grantee, at times prior to the date of the deed; that the deed had been given to plaintiff by N. M. Apple, grantor, in California, in the early part of 1930, retained in plaintiff's possession for at least two weeks thereafter, and then given to N. M. Apple for the purpose of recording in Fergus county, Montana; that plaintiff knew nothing of the execution and sale until after they were made; that in March 1934, N. M. Apple had told plaintiff the deed had been recorded; that plaintiff believed such deed had been recorded and that he was the owner of the lands from the time the deed was given him.

Defendants, as part of their case, placed in evidence the records and files of the case of N. M. Apple v. Charles G. Edwards and Matilda Edwards, including the judgment roll, remittitur from this court, the minutes showing the setting of the second trial on November 27, 1933, the judgment filed December 8, 1933, the execution and sheriff's return, sheriff's sale of November 3, 1934, and sheriff's deed dated November 6, 1935, all of which evidence went in over plaintiff's objection.

Appellant here contends that the affirmative judgment of $963 awarded Charles G. Edwards and Matilda Edwards against N. M. Apple at the second trial in the lower court, was void; that being void, the title, if any, to the lands secured by Charles G. Edwards and Matilda Edwards by virtue of such judgment and the execution and sale thereunder, was also void and could not divest William Perry Apple of title to the said lands.

With these contentions we agree. In the case of N. M. Apple

v. Charles G. Edwards and Matilda Edwards, supra, this court had before it the same pleadings which the lower court had before it on the second trial. Briefly, the action was brought by N. M. Apple, as assignee of a non-negotiable note containing a conditional bill of sale of livestock to recover the animals from respondents by reason of non-payment of the note. It was a claim and delivery action. Respondents, by way of counterclaim, alleged fraud by the seller, N. M. Apple's assignor and sought recovery of damages from N. M. Apple.

This court held, in effect, that the pleadings were insufficient to support an affirmative judgment against N. M. Apple and that the matter stricken by the lower court from respondents' answer could be used as a defense by way of recoupment only. The court said [92 Mont. 524, 16 Pac. (2d) 702] : ''Whether the evidence showing the breach of the contract by plaintiff's assignor was admissible, under the general denial need not now be determined, for, if we assumed that it was admissible, it does not warrant the verdict and judgment (for costs) in favor of defendants, as we shall hereinafter point out.

''On the evidence, as presented, the court should have sustained plaintiff's motion for a directed verdict.

\* \* \* \* \* \*

''No affirmative judgment could be obtained by defendants against plaintiff, for the rule is that the assignee of an executory contract does not assume the obligations imposed by the contract on the assignor. (Citing authorities.)''

This became the law of the case and the lower court was bound to follow it.

''The rule is well established and long adhered to in this state ▇ that where, upon an appeal, the Supreme Court, in deciding a case presented states in its opinion a principle or rule of law necessary to the decision, such pronouncement becomes the law of the case, and must be adhered to throughout its subsequent progress, both in the trial court and upon subsequent appeal; and this, although upon its subsequent consideration the

Supreme Court may be clearly of opinion that the former decision is erroneous. * * * it is a final adjudication from the consequences of which this court may not depart, nor the parties relieve themselves (citing cases)." Carlson v. Northern Pac. R. Co., 86 Mont. 78, 281 Pac. 913, 914.

"Whether the opinion is right or wrong, it is the law of the case, was binding upon the trial court, and is binding upon us." Anderson v. Border, 87 Mont. 4, 285 Pac. 174, 176.

The affirmative judgment of $963 awarded the Edwards' against N. M. Apple was void because the lower court did not possess the power or authority to render it.

The court rendering a judgment must have possessed the ██ power and authority to render the particular judgment which it did pronounce. The absence of this factor renders the judgment void, and consequently open to collateral attack. In re Mettler, 50 Mont. 299, 146 Pac. 747; In re Lockhart, 72 Mont. 136, 232 Pac. 183.

Since the answer did not state a cause of action entitling defendants to an affirmative judgment, such judgment is void, if rendered by default, and may be successfully attacked collaterally or otherwise.

As said in State ex rel. Delmoe v. District Court, 100 Mont. 131, 46 Pac. (2d) 39, 44: "If a judgment is rendered by default resting solely upon allegations of a complaint so deficient in substance as conclusively to negative the existence of a cause of action at the time of its rendition, it is void and may be successfully assailed collaterally or otherwise, whenever it is sought to be made the foundation of a claim."

Again in Crawford v. Pierse et al., 56 Mont. 371, 185 Pac. 315, 317, where judgment was awarded after default, this court said: "Of course, if the judgment was void, the contention must be sustained, for its validity was open to question at any time. State ex rel. Mannix v. District Court, 51 Mont. 310, 152 Pac. 753. It is elementary that when the judgment roll upon its face shows that the court was without jurisdiction to render the particular judgment, its pronouncement is in fact no judgment. It

cannot be enforced. No right can be derived from it. All proceedings founded upon it are invalid and ineffective for any purpose. It is open to collateral attack. * * * If the pleading is not sufficient to put the defendant in the wrong, the court cannot grant redress. A judgment based upon such a pleading is invalid. The pleading is in effect no more than a piece of blank paper. And, since when a judgment has been rendered on default, the complaint, with the memorandum indorsed upon it that default has been entered, the summons with the proof of service, and a copy of the judgment constitute the record (Rev. Codes, sec. 6719), the record itself discloses the infirmity of the judgment. It is thus exposed to collateral attack at any time when it is sought to be made the basis of a right.''

In Hodson et al., v. O'Keefe, 71 Mont. 322, 229 Pac. 722, 723, where judgment was entered after default, this court said: ''When a complaint does not state facts sufficient to constitute a cause of action, the court does not have jurisdiction to render a judgment upon it. When the judgment roll upon its face shows the court was without jurisdiction to render the particular judgment, its pronouncement is not in fact a judgment.''

In Hanrahan v. Andersen, 108 Mont. 218, 90 Pac. (2d) 494, 502, it was said: ''Furthermore, Andersen's counterclaim clearly failed to state facts sufficient to constitute either a counterclaim or a cross-complaint. * * * Its allegations are so deficient in substance as conclusively to negative any counterclaim or cross-complaint against plaintiff, and the judgment based upon it was open even to collateral attack. (Citing authorities.)'' See also Kosonen v. Waara, 87 Mont. 24, 285 Pac. 668.

Since the judgment was void the execution issued upon such judgment was also void and title to the lands sold thereunder could not pass to Charles G. and Matilda Edwards, purchasers at the execution sale.

''The general rule is that an execution may not issue upon a void judgment; an execution so issued is itself absolutely void, and such invalidity extends to acts performed thereunder. Accordingly, title does not pass to a purchaser at an execution sale,

142

where the judgment supporting it is void." 21 Am. Jur., Executions, p. 27, sec. 23.

"Where, because of want of jurisdiction of the court rendering judgment, fatal defects in the proceedings, uncertainty of the verdict, fraud, or for any other cause, the judgment is void, an execution issued thereon is of no validity and no title can be acquired under it; * * *." 33 C. J. S., Executions, sec. 8, page 141.

For the reasons stated the judgment is reversed, with directions that decree be entered quieting title to the described lands in William Perry Apple, plaintiff and appellant.

Mr. Chief Justice Adair and Associate Justices Angstman, Metcalf and Bottomly, concur.

Rehearing denied November 17, 1949.