ROBERT LEVENTHAL & others *vs.* GEORGE V. BUEHLER
& others.

Suffolk.    May 8, 1963. — June 3, 1963.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Parks. Boston. Way,* Public: parkway, building line. *Building. Municipal Corporations,* By-laws and ordinances.

A board of park commissioners may discontinue a building line established along a parkway pursuant to St. 1896, c. 313, § 1.    [186–188]

Chapter 5 of the Ordinances of 1922 of the city of Boston, adopted pursuant to St. 1920, c. 601, and providing that "No building hereafter erected . . . within a distance of one hundred feet from any . . . parkway . . . shall . . . exceed seventy feet in height," was not "superseded and extinguished" by the enactment of St. 1924, c. 488, the Boston zoning law, section 22 of which specifically recognized the continued validity of earlier height restrictions; and the subsequent establishment pursuant to the zoning law of a residential 155 foot height zoning district in the general area of and including a certain parkway did not entitle the owner of premises fronting on the parkway to erect on his premises a building exceeding seventy feet in height.    [188–189]

Chapter 5 of the Ordinances of 1922 of the city of Boston was not "invalid ab initio" because its final form as adopted differed somewhat from the draft submitted to the public hearing held prior to its adoption pursuant to St. 1920, c. 601, § 3.    [189–190]

BILL IN EQUITY filed in the Superior Court on January 7, 1963.

The suit was heard by *Sgarzi,* J.

*Rudolph Kass* for the plaintiffs.

*William A. McDermott,* Assistant Corporation Counsel, for the defendant City of Boston.

*Frederick W. Roche, Thomas J. Carens & Robert J. Sherer,* for the defendants Buehler & another, submitted a brief.

*Richard Wait* for Arnold W. Hunnewell, amicus curiae, submitted a brief.

SPIEGEL, J.    The plaintiffs bring this bill in equity under G. L. c. 231A for a decree declaring that the defendants

Buehler and Keating "are not relieved from their obligations" under certain contracts because of any breach by the plaintiffs "of their warranties in said contracts that apartment buildings up to a height of one hundred fifty-five feet may be built on the premises numbered 99, 109 and 111 Commonwealth Avenue in the City of Boston." Because the validity of an ordinance of the city of Boston is in issue, the city has been made a party to the suit pursuant to G. L. c. 231A, § 8. A judge of the Superior Court ruled favorably to the plaintiffs and reported the case to this court for a determination on the "substantial questions of law" involved. The facts have been stipulated by the parties.

The plaintiffs are the owners of various parcels of land and the buildings thereon located at 99 through 111 Commonwealth Avenue, Boston. On October 25, 1962, the plaintiffs entered into purchase and sale agreements with Buehler and Keating involving the above properties. In each of these agreements the plaintiffs "warranted and represented that an apartment building up to the height of 155 feet, if otherwise complying with the Zoning Regulations of the City of Boston (St. 1924, Chapter 488 as amended), and restrictions of record, may be built on the premises described in each agreement." Although the premises in question are "in a general residence one hundred fifty-five foot district," all of the defendants have taken the position that for this particular part of Commonwealth Avenue no apartment building may be constructed to a height exceeding seventy feet. Buehler and Keating contend that they are thus relieved from their obligations under the contracts. In support of their position, they make two arguments.

1. They point to St. 1896, c. 313, § 1, which reads: "The board of park commissioners of a city or town may, in the manner and in accordance with and subject to the provisions of chapter four hundred and sixty-two of the acts of the year eighteen hundred and ninety-three, establish a building line, at no point more than twenty-five feet distant from any exterior line of a parkway, boulevard or public

way on which a park borders; and the extreme height to which buildings may be erected upon such parkway, boulevard or public way shall be seventy feet, or such other height as the city council of a city or the inhabitants of a town may from time to time determine.'' The parties are agreed that such a building line was established by a vote of the board of park commissioners of the city of Boston on August 3, 1896. Similarly agreed is the fact that the Parks and Recreation Commission of the City of Boston, on October 18, 1962, passed an order which reads as follows: ''Ordered: — That this Commission, having passed the order of notice relating to the public improvement hereinafter described, and having caused a copy of said order to be published . . . [in] daily newspapers published in the City of Boston, and having given the public hearing, notice of which was given in said order, and being of the opinion that public convenience and public interest so require, does hereby order the discontinuance of the existing building line on each side of Commonwealth Avenue from Arlington Street to Beacon Street, established by vote of the Board of Park Commissioners of the City of Boston on August 3, 1896, pursuant to the provisions of Chapter 462 of the Acts of 1893 and Chapter 313 of the Acts of 1896, and recorded with Suffolk Deeds, Book 2386, page 11, for the purpose, among others, of eliminating the 70-foot height restriction resulting therefrom.'' Buehler and Keating maintain, however, that although the park commissioners may have had the authority to establish a building line, ''no authority is given to them to discontinue a building line once established.'' This argument is untenable. It will be noted that St. 1896, c. 313, provided that the establishment of the building lines which it authorized was to be accomplished ''in the manner and in accordance with and subject to the provisions of chapter four hundred and sixty-two of the acts of the year eighteen hundred and ninety-three.'' This chapter comes down to us as G. L. c. 82, § 37, the last portion of which provides: ''A building line established under this section may be discontinued in the manner provided for the discon-

tinuance of a highway or town way. . . ." We construe
this language as conferring upon boards of park commis-
sioners the same powers and duties over building lines on
parkways as are conferred upon city and town officials over
building lines on public highways. See St. 1906, c. 393.
The October 18, 1962, vote of the Parks and Recreation
Commission of the City of Boston effectively discontinued
the 1896 building line with its attendant 70 foot height re-
striction. The city of Boston concedes this result in its
brief.

2. The remaining argument is a valid one. The exist-
ence of a 70 foot limitation in the area in question is
grounded upon Rev. Ords. of Boston (1961) c. 19, § 10.
When originally enacted this ordinance was c. 5 of the
Ordinances of 1922 and it provided: "Section 1. No build-
ing hereafter erected or altered upon land within a distance
of one hundred feet from any park or parkway in the city
of Boston . . . [exceptions not here relevant] shall be used
for a livery or public stable or public garage, or for any
mechanical, mercantile or manufacturing purposes, nor ex-
ceed five stories in height above the basement or cellar; nor
exceed seventy feet in height from the mean grade of the
edgestone or sidewalk in front to the ceiling of the extreme
upper story (excepting churches or chapels), and no roof
shall be used for laundry or clothes-drying purposes."
Whether this ordinance bars construction of buildings
fronting on a parkway to a height beyond seventy feet in
a general area rezoned by the board of zoning adjustment
changing the height zone to 155 feet was not decided in
*Elmer* v. *Board of Zoning Adjustment of Boston,* 343 Mass.
24. There it was said that "revised Ordinances of Boston,
1947, c. 41, § 18 [now 1961, c. 19, § 10], limits the height of
buildings in the rezoned area on Commonwealth Avenue.
That this, until and unless changed, may bar construction
of high buildings does not limit the board in the exercise
of its power." *Ibid.* 37.

The plaintiffs assert that this ordinance was "superseded
and extinguished by the passage of St. 1924, c. 488, the Bos-

ton Zoning Regulations.'' We do not agree. Statute 1924, c. 488, § 22, specifically recognized the continued validity of earlier height restrictions by providing: ''Section 22. In interpreting and applying the provisions of this act they shall be held to be the minimum requirements for the promotion of health, safety, convenience and welfare of the inhabitants of the city of Boston. This act shall not interfere with, abrogate, annul or repeal any statute previously enacted, relating to the use of buildings or premises, provided, however, that where this act imposes a greater restriction upon the use of buildings or premises or upon the height of buildings or requires larger open spaces than imposed or required by such statute, the provisions of this act shall control.'' Section 22 refers to earlier statutes only and not ordinances. However, c. 5 of the Ordinances of 1922 was enacted pursuant to a statute, St. 1920, c. 601. Statute 1924, c. 488, was a comprehensive zoning law and it rezoned the general area in question into an 80 foot height district (later changed to a 155 foot height district). *Elmer* v. *Board of Zoning Adjustment of Boston,* 343 Mass. 24, 25. There is no inconsistency between such a district and an ordinance which requires that buildings fronting on a parkway in such district may rise no higher than seventy feet. The plaintiffs rely upon *Norcross* v. *Board of Appeal of the Bldg. Dept. of Boston,* 255 Mass. 177, 181–182, but that case involved two conflicting sets of territorial districts which made it imperative to ''render inoperative previous limitations of that nature based on territorial district.'' *Ibid.* 182. No such conflicting territorial districts exist in the case before us. Chapter 5 of the Ordinances of 1922 was not ''superseded'' by St. 1924, c. 488. The ruling of the judge '' [t]hat the ordinance of 1922, while valid when enacted, was superseded and extinguished by the enactment of Chapter 488 of the Acts of 1924 and is no longer in force and effect'' was error.

We find no merit in the plaintiffs' additional contention that c. 5 of the Ordinances of 1922 ''was invalid ab initio'' because its final form differed somewhat from the draft

submitted to a public hearing.   The statutory requirement contained in St. 1920, c. 601, § 3, that there should be a public hearing prior to the passage of such an ordinance does not mean that changes cannot be made in the draft on passage.   See *Burlington* v. *Dunn,* 318 Mass. 216, 219; *Doliner* v. *Town Clerk of Millis,* 343 Mass. 10, 13.   The changes were not of a fundamental character.

It does not appear that Rev. Ords. of Boston (1961) c. 19, § 10, has been amended to permit the construction of a building to a height of 155 feet.   Therefore, the ruling of the judge '' [t]hat a building not to exceed 155 feet in height, if otherwise conforming to existing building and zoning requirements, can be lawfully constructed upon the premises described in the petition'' was also error.   A decree is to be entered in accordance with this opinion.

*So ordered.*