509 P.2d 876

**ST. BEDE'S EPISCOPAL CHURCH,
Petitioner-Appellant,**

v.

**CITY OF SANTA FE, a Municipal Corporation, et al., Respondents-Appellees,**

**G. R. Quintana, Intervenor-Appellee.**

**No. 9544.**

Supreme Court of New Mexico.

May 4, 1973.

Zinn & Donnell, James E. Thomson, Santa Fe, for appellant.

Eloy Francis Martinez, Santa Fe, for City of Santa Fe.

Robert E. Fox, Santa Fe, for intervenor.

## OPINION

OMAN, Justice.

This suit was brought by Petitioner in district court pursuant to § 14–20–7, N.M.S.A.1953 (Repl.Vol. 3, 1968). Petitioner sought reversal of a decision of Respondents, the zoning authority of the City of Santa Fe, by which the zoning classification of a portion of a tract of land owned by Intervenor was changed from RM–2 [multiple family residential] to C–2 [general commercial planned unit development]. The court decided the issues in favor of the validity of the rezoning and entered a judgment and decree dismissing the writ of certiorari previously granted. Petitioner has appealed therefrom. We affirm.

Intervenor requested Respondents to rezone from RM–2 to C–2, a tract of land containing 3.659 acres, more or less, owned by him. A public hearing, pursuant to notice thereof, was held on this request as required by § 14–20–4, N.M.S.A.1953 (Repl. Vol. 3, 1968). Petitioner, who owned 20% or more of the land within 100 ft. of the tract proposed to be rezoned, excluding the public right of way of St. Francis Drive,

which lies between Petitioner's property and the tract sought to be rezoned, filed a protest to Intervenor's request.

At the public hearing, Intervenor eliminated from his original rezoning request a tract 100 ft. in depth along St. Francis Drive and directly across from Petitioner's property. Thereupon Respondents approved Intervenor's request and rezoned the remaining 2.774 acres from RM–2 to C–2 by a five to four vote of the Respondents. The zoning of the 100 ft. strip along St. Michael's Drive, which contained about .885 acres, remained RM–2.

It was the position of Respondents, as well as that of the district court, that by excluding the tract 100 ft. in depth from the rezoning request, Petitioner was no longer the owner of 20% of the land lying within 100 ft. of the tract sought to be rezoned and, therefore, the requirement of a three-fourths vote of all members of the governing body of the City [Respondents] was not required to accomplish the change in zoning as provided in § 14–20–4(C), N.M. S.A.1953 (Repl.Vol. 3, 1968). Both the Respondents and the district court also took the position that it was not necessary to conduct another public hearing pursuant to another notice thereof because of the changed or amended petition to rezone only the 2.774 acre tract.

▉ Petitioner first contends the rezoning of the 2.774 acres was void because of its failure to gain a three-fourths vote of Respondents as required by § 14–20–4(C), supra. We disagree, and agree with Respondents and the district court.

No question is raised as to the validity of the provisions of § 14–20–4(C), supra. The issue here is the applicability of those provisions to the facts of this case. Petitioner obviously was not the owner of any land lying within 100 ft. of the 2.774 acre tract which was rezoned, and no one else with property so located in relation to Intervenor's property protested the proposed rezoning of the entire 3.659 acre tract.

However, Petitioner contends it was in some way suddenly and improperly de-

prived of its right to protest and have the rezoning of the 2.774 acre tract accomplished only by a three-fourths vote of all Respondents as provided in § 14–20–4(C), supra. It relies primarily upon the case of Kelly v. City of Philadelphia, 382 Pa. 459, 115 A.2d 238 (1955). The ordinance changing the zoning in that case was clearly held invalid because of the failure of the City to give fifteen days notice of the public hearing. It gave but eight days notice. It is true the court also stated that the failure to comply with the requirement of a three-fourths vote by the council would also render the ordinance invalid. However, this was clearly dictum in that it was not relied upon for reversal of the lower court. In any event, we are not persuaded by this statement of the Pennsylvania court.

A contrary view, and the one we choose to follow, finds support in Heaton v. City of Charlotte, 277 N.C. 506, 178 S.E.2d 352 (1971); Armstrong v. McInnis, 264 N.C. 616, 142 S.E.2d 670 (1965); Penny v. City of Durham, 249 N.C. 596, 107 S.E.2d 72 (1959); Montebello Land Co. v. Frank Novak Realty Co., 167 Md. 185, 172 A. 911 (1934); Miner v. City of Yonkers, 19 Misc.2d 321, 189 N.Y.S.2d 762 (1959), aff'd 9 A.D.2d 907, 195 N.Y.S.2d 242 (1959); Radnor, Ithan & St. David's Civic Assn. Appeal, 5 D. & C.2d 156, 41 Del. 396 (Pa. Quar.Sess.1954); 1 Rathkopf, The Law of Zoning and Planning, 28–11 (1972), wherein it is stated:

"* * * where an applicant for a zoning change seeks to avoid the necessity of a larger than majority vote by creating a buffer zone of 100 feet between that portion of his property sought to be rezoned, and the lands of adjacent property owners, such action is valid and avoids the requirement of such larger vote."

▉ Petitioner next urges invalidity of the rezoning of the 2.774 acres in that the mandate of § 14–20–4(B), N.M.S.A.1953 (Repl.Vol. 3, 1968), requiring publication of notice of public hearing at least fifteen

days prior thereto, was not met. Its contention is that the trial court erred in concluding the initial notice was sufficiently broad to give notice of the accomplished change in zoning, since the accomplished change affected a portion of the area originally sought to be rezoned. Petitioner contends a new notice should have been given and another public hearing should have been held upon Intervenor's amended petition to rezone only 2.774 acres, rather than the entire 3.659 acre tract.

We agree with Petitioner that "the purpose of requiring notice is to provide the opportunity to all interested persons to protest if desired." However, proper notice was given of the requested change in zoning of the entire 3.659 acre tract and of the public hearing thereon. The rezoning change ultimately effected varied from the request only to the extent that a lesser amount of Intervenor's land was rezoned than was originally requested. We fail to see how this could be said to be a deviation of such importance or materiality as to amount to a change in fundamental character. It stands to reason that a zoning commission may effect some changes in a proposal without having to again go through the entire statutory procedure of giving notice and conducting a public hearing. If it were not so, the result would often be to effect, in the interest of saving time, effort and expense, proposed zoning changes not entirely desirable; to keep zoning classifications static long after these classifications had served their purposes in particular areas; or to delay desirable zoning changes to the detriment of the public as well as to the owners of property which might be far better utilized under another zoning classification.

We believe the rule governing the sufficiency of the original notice or the need for additional notice, when changes are made by a zoning commission in a rezoning request, is set forth in 1 Anderson, American Law of Zoning, 179 (1968), as follows:

"If the change is so fundamental that it is no longer within reach of the notice of hearing, it will be necessary to publish a new notice. * * * If, however, the change is not substantial, a second hearing will be unnecessary. The problem was concisely summarized by a Florida court in the following language: 'As a general rule the notice must apprise the public of the suggested changes, and the zoning amendment must conform substantially to the proposed changes. Some deviation, however, may be immaterial where the variance is a liberalization of the proposed amendment rather than an enlarged restraint on the property involved. * * * A change may, of course, be "substantial" where an amendment makes a greater or more significant change than that requested.' "

In 1 Rathkopf, The Law of Zoning and Planning, 165–6 (Supp.1972), the principle governing the sufficiency of the original notice to embrace changes made in proposals is stated as follows:

"The true test (as to adequacy of notice) is whether the notice as published fairly apprised the average citizen reading it with the general purpose of what is contemplated.

"The final form of a proposed amendment may differ from the draft submitted to the public hearing. Changes may be made in passage if they are not of fundamental character." (Citing Leventhal v. Buehler, 346 Mass. 185, 191 N.E. 2d 128 (1963).

See also Heaton v. City of Charlotte, supra; Naylor v. Salt Lake City Corporation, 17 Utah 2d 300, 410 P.2d 764 (1966); McGee v. City of Cocoa, 168 So.2d 766 (Fla.App.1964).

Petitioner could gain no advantage, other than delay, by requiring another notice and another public hearing. It received notice and it participated in the public hearing. It has not been legally prejudiced by the change in the zoning request and in

the reduction of the area rezoned below that contained in the original request. It has no legal right, by reason of Intervenor's amendment of his request and the rezoning of the lesser area, to be served with another notice and participate in another public hearing.

Petitioner also claims error on the part of the trial court in holding Petitioner estopped from complaining about the passage of the ordinance accomplishing the rezoning of the 2.774 acre tract. It is not necessary for us to consider or decide this question, and we do not do so.

The judgment and decree should be affirmed.

It is so ordered.

McMANUS, C. J., and MONTOYA, J., concur.