No. 12684

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

UNITED BANK OF PUEBLO,(formerly
Arkansas Valley Bank) a Colorado
banking corporation,

       Plaintiff and Respondent,

  -vs-

CARL O. IVERSON and MABEL IVERSON,

       Defendants and Appellants.

Appeal from:  District Court of the Ninth Judicial District,
      Honorable Robert Sykes, Judge presiding.

Counsel of Record:

  For Appellants:

    Keil and Gustafson, Conrad, Montana
    Gale R. Gustafson argued, Conrad, Montana

  For Respondent:

    Cresap S. McCracken argued, Great Falls, Montana

         Submitted: May 22, 1974

          Decided: JUL 2 2 1974

Filed:  JUL 2 2 1974

        _Thomas J. Kearney_
            Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

Defendant Carl O. Iverson appeals from two orders of the district court of Pondera County: (1) an order refusing to vacate a summary judgment in favor of plaintiff, and (2) an order denying recovery of witness fees and mileage previously paid to one of plaintiff's attorneys.

Appellant is one of two defendants in the district court, the other being his wife who died prior to appeal. As appellant prosecutes this appeal both individually and as heir apparent of his deceased wife, we will treat this appeal as prosecuted by both defendants. Plaintiff and respondent is the United Bank of Pueblo, formerly the Arkansas Valley Bank.

In September 1964, the bank filed a debt action containing two counts against the Iversons in the district court of Pondera County. The first count sought recovery of approximately $23,000 and interest under a Colorado judgment based on a cognovit promissory note. The second count sought recovery of approximately $48,000 and interest based on the Iversons' written guarantee to the bank of the defaulted debts of Transcontinental Leasing Corporation.

During pretrial discovery proceedings, the bank filed a demand for admissions by defendants under Rule 36, M.R.Civ.P. Service could not be accomplished on counsel for defendants due to withdrawal of counsel of record; service could not be made on defendants personally as they could not be located.

On motion of plaintiff, the district court on May 10, 1965, ordered defendants to appoint counsel or appear in person on the same day and granted defendants an additional 20 days to May 30, 1965, to respond to plaintiff's demand for admissions.

On May 27, the district court ordered service be made on defendants (1) by mailing to defendants' last known address in Conrad, Montana, copies of the demand for admissions, notice to

appear in person or appoint counsel, and a copy of the court's order of May 10, and (2) by leaving copies of these documents for defendants with the clerk of court in Conrad. On the same day copies of the pertinent documents were so mailed and deposited.

On June 21, plaintiff filed a motion requesting a court order establishing as admitted all matters covered by plaintiff's demand for admissions by reason of defendants' failure to respond. The district court entered an order accordingly on the same day. On the same day plaintiff moved for summary judgment and hearing thereon was set for July 5. Copies were ordered served on defendants personally or if this could not be accomplished, then by mailing to defendants' last known address and by deposit with the clerk of court.

On June 30, a firm of Kalispell attorneys filed a praecipe of its appearance for defendants. The hearing on summary judgment was continued from time to time to October 13. In the meantime, defendants' written interrogatories to plaintiff were filed and served. Plaintiff filed objections thereto.

On October 13, 1965, the district court entered summary judgment for plaintiff in accordance with the prayer of its complaint.

A sheriff's sale on execution was held. The bank purchased the stock of defendants in Larry C. Iverson, Inc. and the interest of defendants in stock in Larry C. Iverson, Inc. and Carl O. Iverson, Inc. held by their two children.

Defendants' appealed from the summary judgment on December 9, 1965. The appeal was subsequently dismissed in February, 1967.

On June 6, 1967, defendants filed in the district court their motion to vacate and set aside the judgment against them on the grounds of newly discovered evidence of fraud under Rule 60(b), M.R.Civ.P.

On January 26, 1968, the district court (1) denied defendants' motion to set aside the summary judgment because of defendants' failure to prosecute their motion, and (2) issued an order to show cause why defendants did not satisfy the judgment which required defendants' personal appearance on February 5, 1968.

On February 9, 1968, the district court found defendants in contempt of court for their failure to appear, but reserved imposition of any penalty and granted them 45 days to purge themselves of contempt by appearance as originally directed.

On March 11, 1968, defendants filed a second identical motion to vacate the summary judgment on the same basis as the first. They also filed a motion to recover witness fees and mileage paid to one of plaintiff's attorneys who responded to a subpoena duces tecum issued by defendants.

Eventually, the present Conrad attorneys for Carl O. Iverson appeared and disqualified Judge McPhillips. Judge Sykes assumed jurisdiction and set all pending motions for hearing.

Following hearing, Judge Sykes (1) denied defendants' motion to recover witness fees and mileage previously paid one of plaintiff's attorneys for responding to a subpoena duces tecum issued by defendants, (2) denied the several motions to vacate the summary judgment.

Defendant Carl O. Iverson, on behalf of himself and his deceased wife, filed notice of appeal from those rulings on November 30, 1973.

Two issues are before us for review:

(1) Was the district court's refusal to vacate and set aside its summary judgment correct?

(2) Can defendants recover the witness fees and mileage previously paid to one of plaintiff's attorneys for responding to a subpoena duces tecum issued by defendants?

- 4 -

The first issue is defendants' principal contention. The basic arguments are: (1) the district court's order ruling that the matters contained in plaintiff's demand for admission were improperly entered, tainted the summary judgment, and the same should have been vacated and set aside; (2) the indebtedness sued upon was bottomed on cognovit promissory notes illegal in Arizona and Montana; and (3) the foreign judgment in the first court was never properly authenticated.

Each of these contentions involves the validity of the summary judgment in the first instance. Once the district court refused to vacate and set aside the summary judgment, defendants' remaining remedy was by appeal. Here defendants filed an appeal and later requested this Court to dismiss it which was done. This affirmed the district court's order refusing to revacate the summary judgment. Rule 12, M.R.App.Civ.P.

The refusal cannot be revived for a second review by the filing of a second identical motion to vacate 18 months later. The first denial of defendants' motion to vacate for the reason defendants failed to prosecute the same became the law of the case and binding on the parties. Libin v. Huffine, 124 Mont. 361, 224 P.2d 144; Apple v. Edwards, 123 Mont. 135, 211 P.2d 138. The matters necessarily adjudicated therein became res judicata. See Butler v. Brownlee, 152 Mont. 453, 451 P.2d 836, and cases cited therein. Judge Sykes was correct in so holding.

The second issue for review requires no extended discussion. The reason defendants cannot recover witness fees and mileage paid one of plaintiff's attorneys is that they subpoenaed him to appear. Rule 45(c), M.R.Civ.P. requires advance payment at the statutory rate on demand. It does not distinguish between attorneys and laymen. The particular attorney did not have to be there had he not been subpoenaed, and he is entitled to the statutory witness

fee and mileage.  The ruling of the district court is correct.

The motion of plaintiff to assess a monetary penalty against defendants for their conduct herein is denied as a matter of discretion.  We recognize dilatory tactics by and on behalf of defendants; we note that defendants have been found guilty of contempt of court; nonetheless we feel that no purpose would be served by assessing a monetary penalty at this time.

Judgment affirmed.

_____
Justice

We concur:

_____

_____

_____
Justices

_____

- 6 -