537 P.2d 1385

George R. HAWTHORNE and Donelle C. Hawthorne, Petitioners-Appellants and Cross-Appellees,

v.

CITY OF SANTA FE, a Municipal Corporation, Respondent-Appellee and Cross-Appellant.

No. 10028.

Supreme Court of New Mexico.

June 25, 1975.

Jasper & Durkovich, John Jasper, Santa Fe, for petitioners-appellants and cross-appellees.

Jones, Gallegos, Snead & Wertheim, Susan P. Graber, Santa Fe, for respondent-appellee and cross-appellant.

## OPINION

McMANUS, Chief Justice.

This suit was brought in the District Court of Santa Fe County under a special statutory proceeding to review by writ of certiorari the action of the respondent as Municipal Zoning Authority. After trial by the court, a judgment denying the requested relief was entered. The petitioners Hawthorne, two of the four original petitioners, appeal.

In 1962, the City of Santa Fe passed Ordinance No. 1962–19, § 28–13.2 [Santa Fe, N.M., Code § 36–247 (1973)], which prohibited a change in a zoning classification to a commercial or industrial category when the area involved is less than five acres, and further prohibited the creation of a separate commercial or industrial district of less than five acres by amendment to the ordinance. The respondent, a defendant and cross-appellant (City), pursuant to the above, rezoned a certain tract of land in the City of Santa Fe from residential use to a use that would allow a branch banking operation. The area involved is less than five acres. The petitioners-appellants, Hawthorne, own real estate which is within 100 feet of the rezoned property. The City held a public hearing on the proposed zoning amendment, giving prior no-

tice by general newspaper circulation in the City and County of Santa Fe. Direct mail notice was mailed to all adjoining property owners within 100 feet except to one Fred Martinez. The parties have stipulated that Martinez had actual notice of the public hearing.

After a full hearing, the court, having received evidence, read briefs and heard arguments, entered a memorandum decision, followed by findings of fact and conclusions of law. In effect, the court's decision held that Hawthorne was not a "person aggrieved" and that there were no parties in court with "standing" and consequently dismissed Hawthorne's complaint. While not basing the decision on conclusion of law No. 3, the court did have this to say in that conclusion:

> "Except for the conclusion that Petitioners lack standing to prosecute this action as concluded in Conclusion of Law number 2 above, this action should be decided in petitioners' favor since failure to mail a notice to Fred Martinez, a landowner within 100 feet of the property proposed to be rezoned as required by Section 14–20–4 N.M.S.A., 1953 Comp. is fatal to validity of Ordinance 1973–29."

Appellants rely on three points as basis of their appeal. The first is as follows:

> "The petitioners have standing to sue as 'persons aggrieved' under § 14–20–7 N.M.S.A., 1953."

■ The law of standing in New Mexico has now been set out in De Vargas Savings & Loan Assoc. v. Campbell, 87 N.M. 469, 535 P.2d 1320 (1975). In that case we construed § 48–15–133, N.M.S.A.1953 (Repl.Vol. 7, Supp.1972), the part of the Savings and Loan Act granting a right of appeal from administrative decisions to the district court to "any association or person aggrieved and directly affected." We held that "to attain standing in a suit arguing the unlawfulness of governmental action, the complainant must allege that he is in-

jured in fact or is imminently threatened with injury, economically or otherwise." De Vargas, supra. Therefore, the Hawthornes have standing.

Appellants' second point asserts:

> "The respondent's failure to give notice in strict compliance with § 14–20–4 N.M.S.A., 1953, invalidated Ordinance No. 1973–29."

In answering point 2, the appellees assert a cross-appeal alleging that it was error for the district court to reach the merits, and further alleging that Ordinance 1973–29 was not invalidated by reason of a minor and technical defect in the notice of hearing given pursuant to § 14–20–4, N.M.S.A.1953 (Repl.Vol. 3, 1968).

■ Notice, pursuant to § 14–20–4, supra, was given the appellants, and they appeared at the hearing before the zoning authorities without making procedural objections. An objection to the failure to mail a notice of the public hearing to Fred Martinez was made at the trial in the district court. However, as above shown, Martinez was fully aware of the proposed zone changes. Obviously, the reason for such notice is to apprise interested parties of the hearing so that they may attend and state their views on the proposed zoning amendment, pro or con. It is our view that Martinez, having had knowledge of the hearing, was properly notified and this constitutes substantial compliance with the statute in question. The purpose of the statute has been met and that is all that is required in this instance. See City of Alamogordo v. McGee, 64 N.M. 253, 327 P.2d 321 (1958).

■ The third and last point argued in the trial court was:

> "Respondent's enactment of Ordinance No. 1973–29 was an illegal act because prohibited by section 28–13.2 of respondent's General Zoning Ordinance No. 1962–19."

We hold that the Municipal Zoning Authority had no power to enact an ordinance

binding upon subsequent zoning commissions.

The judgment of the trial court in this cause will be affirmed but for different reasons, as set out herein.

It is so ordered.

OMAN and MONTOYA, JJ., concur.