575 P.2d 1340

Byron E. NESBIT and Alva J. Coats, Aragon & McCoy and Jenkins Construction Co., a joint venture, and Crown Mining Corporation, Petitioners-Appellants,

v.

CITY OF ALBUQUERQUE et al., Respondents-Appellees,

Mr. and Mrs. Paul Arnold and Mr. and Mrs. George A. Rooff et al., Respondents-in-Intervention-Appellees.

Nos. 11365, 11371.

Supreme Court of New Mexico.

Dec. 20, 1977.

Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for Nesbit and Coats, for petitioners-appellants.

Wollen & Segal, Albuquerque, for Aragon & McCoy and Jenkins Construction Co. and Crown Mining Corp., petitioners-appellants.

Malcolm W. DeVesty, Albuquerque, for respondents-appellees.

Stephen Durkovich, Peter Mallery, Albuquerque, for respondents-in-intervention-appellees.

OPINION

McMANUS, Chief Justice.

Appellants (hereinafter simply Nesbit) applied for a zoning change in 1966 from an R–2 status to an SU–1 designation which would have permitted a broader scope of uses. The initial development plan provided for 83 condominium units and was unopposed by the Intervenor-appellees (hereinafter Neighbors). In 1972 Nesbit requested approval of a new development plan for the SU property which changed the type and density of the use from 83 condominiums to 287 efficiencies and apartments. The City Planning Department denied the new plan, and its decision was approved by the City Commission. Nesbit appealed the decision to the district court (1973 district court) in Albuquerque, and the court reversed the Commission's decision as being arbitrary and capricious and remanded the request to the Commission to reconsider. The Commission then approved the new plan. The project to build the 287 units laid dormant for over three (3) years while financing was obtained. When construction began on the land, in 1976, the Neighbors then brought a motion to intervene and a motion to set aside the 1973 judgment. The District Court of Bernalillo County (1976 district court) granted the motions and Nesbit appeals.

Nesbit contends that the trial court erred in determining that the 1973 judgment was void; erred in setting aside the judgment, and erred in permitting the Neighbors to intervene three and one-half (3½) years after a final judgment had been entered. Because of the unusual circumstances in this case and the lack of due process apparent in the record of the 1973 judgment, we hold that the 1976 district court did not err in granting the Neighbors' motions.

 Section 14–20–4(B), N.M.S.A. 1953 (Repl.1976) provides that a public hearing must be held and that notice of the hearing must be published at least fifteen (15) days before a "zoning regulation, restriction or boundary shall become effective, amended, supplemented or repealed * * *."

Since zoning ordinances are in derogation of the common law they are to be strictly construed. *Kubby v. Hammond*, 68 Ariz. 17, 198 P.2d 134 (1948). Lack of statutory notice is generally held to be a jurisdictional defect which renders the action taken by the zoning authority void. *Pima County v. Clapp*, 23 Ariz.App. 86, 530 P.2d 1119 (1975). Although some courts have held that even a minor defect in notice will invalidate an action taken by the zoning authority, *e. g.*, *Carson v. McDowell*, 203 Kan. 40, 452 P.2d 828 (1969) (nineteen-day notice instead of twenty-day), New Mexico does not take such a strict view. We held in *Hawthorne v. City of Santa Fe*, 88 N.M. 123, 537 P.2d 1385 (1975) that substantial compliance with the statutory notice provisions would satisfy the purpose of the statute. In that case all the parties affected had actual notice of the public hearing. Where substantial compliance with mandatory publication requirements is not met, the action of the zoning authority is *invalid*. *Hopper v. Board of County Commissioners*, 84 N.M. 604, 506 P.2d 348, *cert. denied*, 84 N.M. 592, 506 P.2d 336 (1973).

Nesbit does not contest these general principles but denies their applicability. He contends that 1) the change in the new development plan does not constitute a "zoning regulation, restriction or boundary" and, therefore, no public hearing is required; or 2) even if a public hearing is required, the notice which was given substantially complies with the statute. If these points are correct, then the action of the City Planning Department, the City Commission and the 1973 district court were valid and the Neighbors' motions should have been denied; however, we disagree with these contentions.

The SU–1 designation which was granted in 1966 requires that a development plan be submitted to the Planning Department with the application. The Revised Albuquerque Municipal Zoning Ordinance, Art. XIV (1974), provides: § 18(A)(2) "An ordinance implementing a change to the Zone Map to

SU–1 zoning *must* designate the specific use permitted, and a building permit is to be issued *only for the specific use* and in accordance with the approved development plan. The specific use must be recorded on the Zone Map." Albuquerque Municipal Zoning Ordinance (1974), § 18(A)(3): "In approving an application, the City Commission *may impose requirements* as may be necessary to implement the purpose of this ordinance." The SU–1 designation permits the City Commission to impose detailed restrictions on the property designated as SU–1 by specifically approving one development plan and permitting construction only in accordance with that plan. This clearly indicates that the approval of the development plan is a zoning restriction because once it is adopted the land can be used for no other purpose, i. e., it is restricted to that plan only. If another development plan is to be considered later, it must amend or supplement the original plan because the original SU–1 designation imposes restrictions which are embodied in the first approved plan.

█ The SU–1 designation was adopted in 1966 with the plan for 83 units. The subsequent amendment to the plans from 83 to 287 units constitutes a fundamental change in the restrictions which were placed on the property in 1966 and requires that notice be given and a public hearing be held. The zoning authority need not follow the entire statutory procedure whenever a minor change is requested, but when the deviation is of such importance or materiality as to amount to a change in the fundamental character of the property then due process requires notice to be given. *St. Bede's Episcopal Church v. City of Santa Fe*, 85 N.M. 109, 509 P.2d 876 (1973).

In June 1972 Nesbit requested the change in development plans. A hearing was scheduled on July 18, 1972, before the City Planning Department. No notice was given. The department deferred action until August 15, 1972. No notice of this hearing was given. At this hearing, the department denied approval. Nesbit appealed to the City Commission and a hearing was scheduled on October 2, 1972. On September 8, 1972, the following notice was published:

Appeal No. 72–43
(7–1592)–Rodey, Dickason,
Sloan, Akin & Robb, agent for
Byron E. Nesbit & Alva J.
Coats, appeals the City
Planning Commission's denial
of their request for approval
of a revised development plan for
land on Indian Plaza Drive N.E.

On October 1, 1972, Mr. Johns (a Neighbor) was called and informed of the meeting. He informed three (3) other Neighbors and a petition was circulated and signed opposing a "high density development proposal." The four (4) households were represented at the October 2, 1972, meeting when the City Commission denied the change in plans. On October 31, 1972, Nesbit appealed to the district court by a writ of certiorari and the City of Albuquerque was served with the petition. The district court heard the petition (which was apparently unopposed since the Neighbors were not informed) and rendered a judgment on March 21, 1973, directing the City Commission to grant approval for the new plan. The only notice ever given was the September 8th publication.

█ Section 14–20–4(B) requires a published notice and a public hearing for changes in zoning restrictions. The consideration of a new development plan for an SU–1 zoned property is an amendment to a zoning restriction. Lack of notice is a jurisdictional defect which renders the proceedings void. The decision of the City Planning Department at the July 18, 1972 and August 15, 1972 hearings was legally ineffective. *Louisville & Jefferson County Plan. & Z. Com'n v. Ogden*, 307 Ky. 362, 210 S.W.2d 771 (Ky.App.1948); *Alderman v. Town of West Haven*, 124 Conn. 391, 200 A. 330 (1938).

█ The October 2, 1972, appeal to the City Commission was preceded by a published notice. The 1976 district court held that this notice was ineffective. The district court found that the reference to "a revised development plan around the Indian Plaza

Drive NE" was inadequate to describe the location of the property and was inadequate to put a reasonable person on notice of the fundamental and substantial change in the use of the property. We agree. Indian Plaza Drive NE was not a street in 1972. It was not surveyed, bladed or marked until 1976; it was simply a line drawn on a map somewhere. The "revised development plan" did not refer to the 82-unit townhouse development of which the Neighbors were aware, nor did this term inform the public that a multi-unit high density plan for 287 apartments was being considered. In order to meet the statutory requirement of adequate notice, it must be determined whether notice as published fairly apprised the average citizen reading it with the general purpose of what was contemplated. *St. Bede's Episcopal Church v. City of Santa Fe, supra.* If the notice is insufficient, ambiguous, misleading or unintelligible to the average citizen, it is inadequate to fulfill the statutory purpose of informing interested persons of the hearing so that they may attend and state their views. *Hawthorne v. City of Santa Fe, supra; Holly Development, Inc. v. Board of County Com'rs,* 140 Colo. 95, 342 P.2d 1032 (1959). The September 8, 1972 notice was clearly inadequate and the actual notice of four of the Neighbors was legally insufficient. Therefore, the City Commission's decision of October 2, 1972, is also void.

 Nesbit next argues that even if the zoning agencies' decisions were invalid, the judgment of the 1973 district court was proper because all parties entitled to notice were properly served (which means Nesbit and his partners, and the City of Albuquerque). He does not allege that the Neighbors were informed. The 1973 district court heard a petition for certiorari and was therefore acting in an appellate capacity. The general rule is that a judgment which is void cannot be cured by subsequent proceedings. An appeal from a judgment entered by a court having no jurisdiction of the subject matter confers no jurisdiction on the appellate court. 5 Am.Jur.2d Appeal and Error § 935 (1962); 46 Am.Jur.2d Judgments § 50 (1969). *See generally, Geisler v.*

*People,* 135 Colo. 121, 308 P.2d 1000 (1957); *Langston v. Nash,* 192 Ga. 427, 15 S.E.2d 481 (1941); *Apple v. Edwards,* 123 Mont. 135, 211 P.2d 138 (1949). We feel the same principle applies when a court in its appellate capacity reviews the decisions of an agency which acts without jurisdiction.

 The 1973 district court made no findings as to the jurisdiction of the City Planning Department or the City Commission or of its own jurisdiction. The 1976 district court found as a matter of law that the failure to give the notice required by statute rendered all subsequent acts void. The 1973 judgment and the subsequent approval by the City Commission were also void. By failing to follow statutory procedures, due process of law was violated and no subsequent act could correct the defect. *Miller v. City of Albuquerque,* 89 N.M. 503, 554 P.2d 665 (1976).

 Since the 1973 judgment was void, the 1976 district court was required to set it aside pursuant to N.M.R.Civ.P. 60(b)(4) [§ 21–1–1(60)(b)(4), N.M.S.A. 1953 (Repl.Vol.1970). There is no discretion on the part of a district court to set aside a void judgment. Such a judgment may be attacked at any time in a direct or collateral action. *Chavez v. County of Valencia,* 86 N.M. 205, 521 P.2d 1154 (1974). The vacating of the 1973 judgment was proper.

 In order to have this judgment set aside the 1976 district court permitted the Neighbors to intervene pursuant to Rule 24(a), N.M.R.Civ.P. 24(a), [§ 21–1–1(24)(a), N.M.S.A. 1953 (Repl.Vol.1970)]. Generally a motion to intervene will not be granted after a final judgment has been entered absent unusual circumstances, but it should not be automatically denied. *Cooper v. Albuquerque City Commission,* 85 N.M. 786, 518 P.2d 275 (1974). Here the validity of the final judgment was at issue. The only way the Neighbors could directly challenge the jurisdiction of the 1973 court was to become a party to the 1973 suit. The 1976 district court held a hearing to determine whether intervention was proper, and decided that the Neighbors presented

**460**

sufficient facts to hear the question of the validity of the judgment. The application was deemed timely since the Neighbors had no notice of the judgment until actual construction began in 1976. Under these circumstances the motion to intervene was properly granted and there was no abuse of discretion.

Therefore, we affirm the decisions of the District Court of Bernalillo County which granted the motion to intervene and vacated the 1973 judgment. We also agree with the district court that this matter should be remanded to the City of Albuquerque for a determination pursuant to proper statutory and administrative procedures.

IT IS SO ORDERED.

SOSA and FEDERICI, JJ., concur.