No. 91-581

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

THE STATE OF MONTANA ex rel.
DEPARTMENT OF HEALTH AND
ENVIRONMENTAL SCIENCES,

       Plaintiff and Respondent,

   v.

DONALD REESE,

       Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Joel E. Roth, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Michael R. Tramelli, Attorney at Law,
          Great Falls, Montana

     For Respondent:

          Patrick L. Paul, Cascade County Attorney,
          Dean D. Chisholm, Deputy County Attorney,
          Great Falls, Montana

Submitted on Briefs: May 20, 1993

Decided: August 17, 1993

Filed: AUG 17 1993

FILED

CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Donald Reese appeals from an order of the Eighth Judicial District Court, Cascade County, lifting a stay of its order and ordering Reese to remove all but three junk vehicles from certain property pursuant to § 75-10-541, MCA (1987).

We affirm.

Reese presents three issues for this Court's consideration which we consolidate as follows:

1.    Should the default judgment entered by the clerk of court on May 11, 1989, against appellant be set aside?

2.    Did respondent Department of Health and Environmental Sciences (DHES) violate Reese's due process rights by not providing him with notice of the March 6, 1992, hearing?

On April 14, 1989, the DHES, acting through the Cascade County Attorney's office, filed a complaint against Reese for maintaining a motor vehicle wrecking facility, or motor vehicle graveyard, without a license issued by the DHES. Reese was served with the complaint on April 19, 1989.

On May 9, 1989, Reese filed a letter addressed to the court and stated that "[t]he automobiles in question will be shielded from public view within 30 days." On May 11, 1989, the DHES applied for entry of default judgment pursuant to Rule 55, M.R.Civ.P., and the clerk of court entered the default on the same day. Also, the DHES filed a motion with the court for default judgment.

2

Hearing was held on June 8, 1989, with the Deputy County Attorney representing the DHES and Reese appearing pro se. On June 21, 1989, the Court entered its findings of fact, conclusions of law, and order for default judgment. On May 14, 1990, the court held a hearing to determine the appropriate relief to be granted. On May 17, 1990, the court enjoined Reese from having more than three junk vehicles on the property and ordered Reese to remove them within 30 days. On June 15, 1990, Reese appealed the May 17, 1990, order of the District Court.

On November 13, 1990, this Court dismissed the appeal with prejudice because Reese did not prosecute his appeal. On February 5, 1991, the DHES motioned the District Court for a review hearing in the matter. The hearing was held on March 6, 1991. During this hearing, the court reiterated its order of May 17, 1990, and ordered Reese to remove all junk vehicles from the property by March 15, 1991. Reese failed to comply with the order. On March 25, 1991, the DHES removed 39 of the 50 or more vehicles on Reese's property.

On March 27, 1991, Reese filed a motion to stay execution of the court's order pending a hearing, which was granted. Hearing was held on the issue on August 30, 1991. On September 4, 1991, the court lifted the stay and ordered Reese to remove all junk vehicles except three. It is from this order that Reese appeals.

I.

Should the default judgment entered by the clerk of court on May 11, 1989, against Reese be set aside?

3

Reese contends that the default judgment of May 11, 1989, should be set aside pursuant to Rule 60(b), M.R.Civ.P. We disagree.

Rule 12, M.R.App.P., states that "[t]he dismissal of an appeal is in effect an affirmance of the judgment or order appealed from, unless the dismissal is expressly made without prejudice to another appeal."

In United Bank of Pueblo v. Iverson (1974), 164 Mont. 473, 525 P.2d 21, the district court granted an initial motion for summary judgment which defendants appealed to this Court. The appeal was subsequently dismissed by request of the defendants. The defendants later filed a motion to vacate the summary judgment. The district court denied the motion for failure to prosecute. Defendants filed a second motion 18 months later based on Rule 60(b), M.R.Civ.P. The district court denied that motion also. On appeal this Court affirmed the denial stating:

> The refusal cannot be revived for a second review by the filing of a second identical motion to vacate 18 months later. The first denial of defendants' motion to vacate for the reason defendants failed to prosecute the same became the law of the case and binding on the parties. The matters necessarily adjudicated therein became res judicata. [Citation omitted.]

Iverson, 525 P.2d at 23.

In Liblin v. Huffine (1950), 124 Mont. 361, 224 P.2d 144, the district court sustained defendants' demurrer to plaintiffs' amended complaint dismissing plaintiffs' complaint. Plaintiffs appealed the decision to this Court. This Court dismissed the

4

appeal for failure to prosecute. Six months later, plaintiffs filed another appeal. This Court stated:

> Where as here an appellate court had unqualifiedly affirmed a judgment of the trial court, it would obviously and unnecessarily protract litigation to allow further or successive appeals from the judgment so affirmed. Such successive appeals in fact would be appeals attempted to be taken from the decision of the appellate court itself.

Liblin, 224 P.2d at 146.

Here, the District Court entered a default judgment and Reese appealed. Reese failed to prosecute his appeal by ordering the necessary transcripts. Upon motion of the DHES, and without objection by Reese, this Court dismissed the appeal with prejudice. The dismissal affirmed the order of the District Court and became the law of the case. We affirm the decision of the District Court in refusing to set aside its May 11, 1989, default judgment.

II.

Did the DHES violate Reese's due process rights by not providing him with notice of the March 6, 1992, hearing?

Reese argues that he was denied procedural due process under the takings clause of the Fourteenth Amendment of the United States Constitution. The crux of procedural due process is that some form of hearing with notice of its availability must be had before a person is finally deprived of a property interest. Kennerly v. United States (9th Cir. 1983), 721 F.2d 1252, 1257. The hearing on March 6, 1992, did not have any effect on Reese's property interests because his proprietary interests had already been litigated. With this Court's dismissal of the appeal, the DHES had

5

full authority to act upon the District Court's order of May 17, 1990. The purpose of the March 6, 1992, hearing was to reiterate and inform Reese of the legal effect of the court's order. It did not contemplate any substantive rights of Reese. "Due process does not require a new hearing on matters that are res judicata." In the Matter of the Estate of Counts (1985), 217 Mont. 350, 355, 704 P.2d 1052, 1055.

We hold that the DHES did not violate Reese's due process rights.

The DHES's request for damages pursuant to Rules 32 and 33, M.R.App.P., is denied.

We affirm the decision of the District Court.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

6

August 17, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

MICHAEL R. TRAMELLI
Attorney at Law
104 2nd St. South, Suite 201
Great Falls, MT 59405

PATRICK PAUL, County Attorney
Dean D. Chisholm, Deputy
Cascade County Courthouse
Great Falls, MT    59401

PETE FRAZIER
County/City Health Department
1130 17th Avenue South
Great Falls, MT 59405

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
       Deputy