

FILED

12/12/2023

Bowen Greenwood
CLERK OF THE SUPREME-COURT
STATE OF MONTANA

Case Number: DA 23-0412

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### DA 23-0412

IN RE THE MARRIAGE OF:

ACACIA JENSEN,

Petitioner and Appellant,

and

TIMOTHY JENSEN,

Respondent and Appellee.

ORDER

FILED

DEC 1 2 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

On November 7, 2023, Appellee Timothy Jensen (Timothy) moved to dismiss this appeal on the basis that Appellant Acacia Jensen (Acacia) had failed to timely file an opening brief or move for extension of time to do so. On November 17, 2023, Acacia responded in opposition to Timothy's motion to dismiss and further filed three motions, captioned Request for Leave to Correct Clerical Errors, Request for Leave to Enforce Financial Obligations, and Motion for Extension of Time to Order Trial Transcript and File Opening Brief. Timothy responded in opposition to Acacia's motions on November 28, 2023, via Appellee's Combined Response to Motion for Extension of Time to Order Trial Transcript and File Opening Brief and Requests for Leave to Correct Clerical Errors and for Leave to Enforce Financial Obligation. This Order resolves all pending motions.

This appeal began on July 31, 2023, when attorney Clifford B. Irwin filed a Notice of Appeal on Acacia's behalf. In that Notice, which Irwin signed as counsel of record, Acacia asserts, in part, "That all available transcripts of the proceedings in this case have been ordered from the court reporter contemporaneously with the filing of this notice of appeal. If all available transcripts have not been ordered, that Appellant has complied with

the provisions of Mont. R. App. P. 8(3)[1] contemporaneously with the filing of this notice of appeal."

On August 30, 2023, Acacia, via Irwin as her counsel of record, moved to remand this matter to the District Court for the purpose of correcting a clerical error. This Court ultimately remanded the case for that purpose on September 27, 2023. The District Court record, apparently including the requested correction, was then filed with this Court on October 2, 2023.

Nothing further was filed until Timothy moved to dismiss this appeal pursuant to M. R. App. P. 13(3), which provides that an appellee may move for dismissal of the appeal if the appellant fails to file a brief within the time provided. He argued that, pursuant to M. R. App. P. 13(1), Acacia had 30 days from the filing of the District Court record on October 2, 2023, to file her opening brief and that dismissal of the appeal was warranted because she had failed to do so.

M. R. App. P. 8(1) provides that the record on appeal is composed of the original papers and exhibits filed in the district court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the district court. In this case, since the record on appeal was not complete as the transcripts had not yet been filed, the 30-day time limit for filing the opening brief had not begun to run. However, the obligation to timely arrange for the filing of those transcripts, or to request an extension of time for such filing, is the appellant's. M. R. App. P. 9(3)(c), (4). Although Acacia asserted in her Notice of Appeal that she had ordered the transcripts, she had not timely moved for an extension of time and they were thus due to be filed with the Clerk of this Court no later than September 11, 2023.

In her response to Timothy's motion to dismiss, Acacia advises the Court that, her representation in the Notice of Appeal that transcripts had been ordered notwithstanding,

---

[1] M. R. App. P. 8(3) sets forth the procedure for ordering transcripts and the obligation of paying for the same.

she had not, in fact has still not, ordered the necessary transcripts. She alleges that she cannot afford the transcripts because Timothy owes her funds as part of the divorce decree. She further alleges that she cannot afford appellate counsel because of Timothy's failure to transfer these funds, and contends that Irwin filed her Notice of Appeal "as a courtesy." In her contemporaneous Motion for Extension of Time to Order Trial Transcript and File Opening Brief, Acacia requests 30 additional days to order the transcripts and 60 days from that date to file her opening brief.

We are not inclined to grant Acacia's requests. In her Notice of Appeal, she falsely represented that she had ordered transcripts in compliance with the Rules of Appellate Procedure and yet over four months later she has not done so and further requests an additional 30 days in which to fulfill this obligation. Further, she failed to comply with M. R. App. P. 9(3)(b), which provides, in relevant part, that the appellant may move for extension of time to file the transcripts, based on the court reporter's inability to timely prepare the transcripts, with the 40-day time for transmission of the record, and the grant of such extension may not exceed 90 days from the filing of the Notice of Appeal. She also failed to comply with M. R. App. P. 9(4), which requires an appellant to move this Court for any additional motions for extension of time to file transcripts. Acacia does not explain why she failed to timely request any extensions of time nor why she misrepresented the status of the transcripts in her Notice of Appeal. While she further alleges that she is not represented by counsel, we note that Irwin remains her counsel of record and, in addition to the Notice of Appeal, has filed four motions and the response to Timothy's motion to dismiss. Whether Acacia is currently paying for Irwin's services has no bearing on the fact that he has continued to represent her in this appeal.

We agree with Timothy that Acacia failed to prosecute her appeal by failing to order the necessary transcripts. *State ex rel. Dep't of Health & Envtl. Scis. v. Reese*, 260 Mont. 24, 27, 858 P.2d 357, 359 (1993). On this basis, and Acacia's failure to comply with the Montana Rules of Appellate Procedure, we find good cause to dismiss this appeal.

IT IS ORDERED that the motion to dismiss this appeal is GRANTED, and this appeal is DISMISSED with prejudice.

The Clerk is directed to provide copies of this Order to all counsel of record and to Acacia Jensen personally.

Dated this 12 day of December, 2023.

_____
Chief Justice

_____

_____

_____
Justices

4