634 P.2d 396

Edward A. TOVREA, Jr., a single man; John W. Teal, a single man; and Stephen B. Brinkerhoff, a single man, Plaintiffs/Appellants/Cross Appellees,

v.

TRAILS END IMPROVEMENT ASSOCIATION, an Arizona Corporation; Jack E. Frecker and Barbara E. Frecker, husband and wife; Outpost Nurseries, Inc.; Stephen Byers; William McReynolds and Sandra McReynolds, husband and wife; and Richard Hansing, Defendants/Appellees/Cross Appellants.

No. 2 CA–CIV 3724.

Court of Appeals of Arizona, Division 2.

May 29, 1981.

Rehearing Denied July 15, 1981.

Review Denied Sept. 15, 1981.

Schorr, Leonard & Felker, P.C. by Franklin O. Eldridge, Tucson, for plaintiffs/appellants/cross appellees.

Stubbs & Townsdin, P.C. by Robert C. Stubbs, Tucson, Gerard Anderson, Tucson, for defendants/appellees/cross appellants.

OPINION

HOWARD, Judge.

Appellants' action in the trial court was for a private way of necessity pursuant to A.R.S. Sec. 12–1201 et seq. The determinative issue is whether a private party, exercising the power of eminent domain to acquire a private way of necessity, is bound by the zoning ordinances.

The record shows that appellants are engaged in a joint venture for the construction and maintenance of a communications facility for the receipt and transmission of radio and television signals. They purchased a 50-acre site in the Tucson Mountains which included the second highest peak in the range upon which they desired to construct the facility. At the time of purchase the land was not zoned for the intended use and Pima County refused to rezone it. This resulted in a lawsuit which was settled when the county, in effect, re-

zoned six acres, including the peak, and appellants gave the county the rest of their acreage. In this settlement appellants agreed that any road they built in the area would comply with the county's Hillside Development Zone Ordinance. Because appellants' property is landlocked for all practical purposes, they brought this action to build a road up the mountainside to go to the peak.

In granting appellees' judgment, the trial court found that appellants could not construct the road without violating the provisions of the county's Hillside Development Zone Ordinance and that there was no showing that appellants had a variance which would permit construction of the roadway. Appellants contend that since they are exercising the power of eminent domain, they need not comply with the zoning ordinances. We disagree.

In Arizona a governmental body exercising its power of eminent domain is not bound by zoning ordinances as long as it is acting in its "governmental capacity" but is bound when acting in its "proprietary capacity." *City of Scottsdale v. Municipal Court of Tempe*, 90 Ariz. 393, 368 P.2d 637 (1962).[1]

It appears that the governmental-proprietary test was arrived at by analogizing to tort law and the doctrine of governmental immunity. See *Wallerstein v. Westchester Joint Water Works*, 166 Misc. 34, 1 N.Y.S.2d 111 (1937); 84 Harv.L.Rev., supra at 871. Although Arizona abolished the doctrine of governmental immunity in *Stone v. Arizona Highway Commission*, 93 Ariz. 384, 381 P.2d 107 (1963), *City of*

*Scottsdale* decided one year before *Stone* is still the law. We see no reason why the doctrine enunciated in that case should not be applied to private parties exercising the power of eminent domain. While it might be argued that condemning land for right-of-way purposes is an act which is governmental in nature, we cannot lose sight of the fact that the condemning authority here is not a governmental unit. Furthermore, the purpose of the proposed private way-of-necessity is to facilitate a proprietary function, i. e. the erection, use and maintenance of a radio and television facility. Appellants are not immune from the zoning ordinances.[2] Before appellants can condemn private property for a private way of necessity, they must first demonstrate they will be able to legally build the proposed roadway.

Appellees have filed a cross-appeal in which they contend the trial court erred when it failed to award attorney's fees and expert witness fees after dismissal of the case. We do not agree. Attorney's fees are not recoverable unless authorized by statute. *Bouldin v. Turek*, 125 Ariz. 77, 607 P.2d 954 (1979). We know of no statute or Arizona case which allows recovery of either expert witness fees or attorney's fees under the facts of this case.

Affirmed.

HATHAWAY, C. J., and BIRDSALL, J., concur.

---

1. The "governmental-proprietary" test has been criticized. See Note, 84 Harv.L.Rev. 869, 872 (1971). Other courts hold that the power of eminent domain is inherently superior to the exercise of the zoning power and a grant of eminent domain to a governmental unit renders the unit immune from zoning regulations. See *Seward County Board of Commissioners v. City of Seward*, 196 Neb. 266, 242 N.W.2d 849 (1976). Still other states have adopted a "balancing-of-public interest" test. See *Town of Oronoco v. City of Rochester*, 293 Minn. 468, 197 N.W.2d 426 (1972) and *City of Fargo, Cass County v. Harwood Township*, 256 N.W.2d 694

(N.D.1977); and generally see Nichols, The Law of Eminent Domain, Vol. 1, Sec. 1.141[6]; Annot. 59 A.L.R.3d at 1244.

2. We note that appellants are not precluded from using the peak as a radio and television facility. The trial court found that it could be erected by the use of helicopters. The record also reflects that helicopters have been used for building such facilities in other cases. In view of our disposition, we need not decide the reasonableness of this finding, nor the trial court's conclusion that any road built by the appellants would be open for public use.