823 P.2d 949

**CITY OF ALBUQUERQUE,**
**Plaintiff–Appellee,**

v.

**JACKSON BROTHERS, INC., and Wesley Jackson, Defendants–Appellants.**

No. 11697.

Court of Appeals of New Mexico.

Dec. 4, 1991.

Robert M. White, Asst. City Atty., Albuquerque, for plaintiff-appellee.

Mark C. Dow, Stephanie Landry, Hinkle, Cox, Eaton, Coffield & Hensley, Albuquerque, for defendants-appellants.

## OPINION

BIVINS, Judge.

Defendants, Jackson Brothers, Inc., and Wesley Jackson (Jackson Brothers) appeal a judgment of the district court enjoining them from continued violation of the City of Albuquerque's (City) Zoning Code regulations with respect to a sign, and ordering immediate compliance. Because the sign is located partially on the State of New Mexico Highway and Transportation Department's (SHTD) right-of-way pursuant to an encroachment agreement, Jackson Brothers argue on appeal that: (1) the sign is not subject to City regulation because of the State's supremacy and therefore, the City cannot encroach on the State's exercise of its sovereign powers; (2) the contract between the State and Jackson Brothers preempts the City's zoning ordinance. We affirm the district court to the extent its judgment affects the private property interests of Jackson Brothers. Because the State is not a party to this action, we make no disposition with respect to its interests or the exercise of its sovereign power over that interest. Affirmed in part; reversed in part.

The district court decided the case on stipulated facts. Those facts, in part, together with the pleadings provide the following background. Jackson Brothers own and operate a motel near the Candelaria off-ramp from Interstate 25. They erected a fifty-five foot free-standing sign on their property. The City gave notice that the sign violated the municipality's zoning ordinance which restricts signs in the applicable zone to twenty-six feet. Before the present action was filed, the SHTD sued to condemn part of Jackson Brothers' property which included a portion of the land on which the sign is located. As a result of a settlement between the SHTD and Jackson Brothers, and as part of the consideration for the settlement, the SHTD agreed to allow a portion of the sign to remain on the highway right-of-way. The SHTD issued a sign permit to Jackson Brothers pursuant to New Mexico State Highway and Transportation Department Rule 88–5(L), Paragraph E(2)(b) (1988). At the time of the encroachment agreement (agreement), the SHTD was aware the City had given notice that the sign was out of compliance. The record shows this action to abate the zoning ordinance violation was filed approximately two months before the agreement was made between the SHTD and Jackson Brothers.

The district court, in its conclusions, recognized that when municipal law conflicts with state law, the latter controls. Nevertheless, the court reasoned that the SHTD did not grant rights to Jackson Brothers that conflicted with the City's Zoning Code. We agree with the first conclusion; however, without the State as a party to this litigation, we decline to resolve issues that might affect its rights.

█ The Jackson Brothers' arguments on appeal are succinctly summarized in the following paragraph from their brief:

The sign at issue is not governed by the City's sign ordinance but is controlled exclusively by the contract between the State and Jackson Brothers, Inc. for two reasons. First, the City cannot regulate the sign because to do so would, under the circumstances of this case, encroach upon the State's exercise of its sovereign powers. Second, the Agreement has preemptive effect over the City's sign ordinance.

These arguments might have validity if the encroachment agreement purported to control the entire sign. We do not believe it does. First, the agreement covers an encroachment which, by definition, means an illegal intrusion upon the lands of another. *See Black's Law Dictionary* 473 (5th ed. 1979). The agreement makes that intrusion legal. Second, the recitals make clear that the sign is located only on a portion of the SHTD's right-of-way; "the parties have settled the * * * condemnation to which a portion of the sign (its footings and overhang) are located on SHTD right-of-way." The agreement also

recites that, "[a]s a condition of the settlement, the parties have agreed to a permit that would allow the sign to remain in its present location * * *." After stating conditions for the encroachment, the agreement provides that Jackson Brothers, "as consideration for the license to have said encroachment remain within the right-of-way" agree to the conditions enumerated.

Read as a whole, we do not believe that the agreement evinces an intent on the part of the SHTD to exercise control beyond its right-of-way. In fact, the agreement is carefully worded to avoid doing so. *See Martinez v. Universal Constructors, Inc.,* 83 N.M. 283, 284, 491 P.2d 171, 172 (Ct. App.1971) (where evidence is documentary, reviewing court is in as good a position as trial court to interpret).

■ Having determined that the encroachment agreement does not affect that portion of the sign located on private property, we hold the City had regulatory control over that portion. In reaching this result, we recognize that Jackson Brothers, after removing or lowering the height of its sign on the portion located on private property, may be able to leave intact the portion located on the SHTD'S right-of-way. This "splitting the baby" resolution may seem unsatisfactory; nevertheless, we will not interfere with the State's sovereign powers. Our case law is clear on that subject. *Robert E. McKee, Gen. Contractor, Inc. v. Bureau of Revenue,* 80 N.M. 453, 455, 457 P.2d 701, 703 (1969) ("[t]he relationship between the State and [a] municipality is not one between sovereigns"; the City's authority is derived from the State); *City of Santa Fe v. Armijo,* 96 N.M. 663, 664, 634 P.2d 685, 686 (1981) (subject to certain exceptions, "[a] state governmental body is not subject to local zoning regulations or restrictions"; "[a] city has no inherent right to exercise control over state land"). *But cf. City of Albuquerque v. State ex rel. Village of Los Ranchos de Albuquerque,* 111 N.M. 608, 613, 808 P.2d 58, 63 (Ct.App.) (purpose of N.M. Const. art. X, § 6(D) is to provide maximum local self-government; powers of home rule municipalities shall be given lib-

eral construction), *cert. denied,* 113 N.M. 524, 828 P.2d 957 (1992).

■ In arguing for the right to regulate the entire sign, the City contends that the supreme court in *Armijo* adopted a modified immunity rule. We do not read *Armijo* to say that, but rather that the State is immune from any municipal regulations. *See Armijo,* 96 N.M. at 664, 634 P.2d at 686. As we understand modified immunity, it would distinguish between government and private functions. If a use furthers a private purpose, there is no immunity. *See* 6 Patrick J. Rohan, *Zoning on Land Use Controls* § 40.03[2](a) (1978). This principle finds support in case law. *See, e.g., Tovrea v. Trails & Improvement Ass'n,* 130 Ariz. 108, 634 P.2d 396, 397 (Ct.App.1981) (governmental body bound by local zoning ordinances when acting in proprietary capacity rather than governmental capacity); *Youngstown Cartage Co. v. North Point Peninsula Community Co–Ordinating Council,* 24 Md.App. 624, 332 A.2d 718, 721 (1975) (state land leased for private use is subject to local zoning ordinances).

In response to the City's argument for adoption of modified immunity, Jackson Brothers contend that, even if that rule were to apply, the sign would be immunized. Jackson Brothers remind us that the State has an undeniable right to regulate its right-of-way on which the sign is partially located, and the power to contract with respect to the use of its land. Moreover, says Jackson Brothers, to allow the City to regulate the sign, would reverse the State's decision to allow the sign to remain, interfere with the State's powers of eminent domain, and undermine the State's ability to protect the public treasury through settlement.

While it is difficult to see how permitting a private outdoor advertising sign to remain in part on the SHTD's right-of-way furthers governmental interests, we will not address that question absent either the State as a party or findings of fact. Here, the parties' stipulated facts did not address governmental versus private interests, and the district court was not requested to

make findings. Therefore, we do not resolve that question.

Both sides argue that *Armijo* controls this case. While we follow the principles laid down in *Armijo*, the facts are clearly distinguishable. The oil field rig the city attempted to regulate in that case was situated on State land. Here, we do not disturb the permitted encroachment of the sign on the SHTD's right-of-way. We hold only that the City may regulate the portion located on private land. *Armijo* does not apply to private land.

We affirm the judgment insofar as it directs compliance with and abates the violation of the City ordinance with respect to that portion of the sign located on Jackson Brothers' private property. The remainder of the judgment is set aside. The judgment shall be modified accordingly. The case is remanded. No costs are awarded.

IT IS SO ORDERED.

DONNELLY and FLORES, JJ., concur.