825 P.2d 1257

**STATE of New Mexico ex rel. Paskell L. VAUGHN, Petitioner–Appellant,**

v.

**BERNALILLO COUNTY BOARD OF COUNTY COMMISSIONERS, et al., Respondents–Appellees.**

No. 11710.

Court of Appeals of New Mexico.

Dec. 27, 1991.

Dale Walker, Michael B. Browde, Albuquerque, for petitioner-appellant.

Ira Robinson, Asst. County Atty., Albuquerque, for respondent-appellee Bernalillo, County Bd. of County Com'rs.

## OPINION

PICKARD, Judge.

This is an appeal from the district court's final order affirming the decision of the Bernalillo County Board of County Commissioners to revoke a special-use permit issued to Paskell Vaughn. The appeal also challenges the district court's order on rehearing that reaffirmed its prior ruling. Vaughn has presented three issues for review: (1) that the order of the district court should be reversed because the Board had no authority to revoke the permit, which was granted "for the life of the use"; (2) that even if the Board had such authority, the Board's action in this case amounted to an unconstitutional taking in violation of due process; and (3) that the district court erred in failing to provide Vaughn with a full evidentiary hearing. Because we find issue one to be dispositive and reverse on that point, we do not reach issues two and three.

This case involves a piece of property located in the northwest section of Albuquerque. Since the late 1960s, the property had been used continuously as a contrac-

tor's yard, first by Vaughn, and then, since 1981, by Vaughn's lessee, the Groendyke Corporation. In 1973, Bernalillo County granted Vaughn a special-use permit to operate his contractor's yard, thereby "grandfathering" Vaughn's prior use of the property, which had been rendered nonconforming by the passage of the county's Comprehensive Zoning Ordinance in that same year. In 1976, an amended special-use permit was issued to Vaughn to allow him to add a warehouse to the site. The permit was expressly granted "for the life of the use." Vaughn's construction business remained active until the early 1980s, when he moved the operation to Las Cruces and leased the Albuquerque property to Groendyke, the current tenant, for the operation of its contract hauling business. The county zoning administrator, who was informed of the lease and the nature of Groendyke's business, determined that Groendyke's use fell within the scope of the special-use permit.

In October 1987, Vaughn was charged with zoning ordinance violations relating to "mobile-Home, Construction and land use w/o a zoning Permit plus 1 sign w/o zoning permit." A hearing was held before the Bernalillo County Planning Commission. Neighbors complained at the hearing about Vaughn's failure to properly screen the property and about excessive dust, noise, odors, and night operations. Based on the complaints, the commission voted to cancel Vaughn's permit on December 2, 1987. The Board affirmed that decision on February 16, 1988.

Vaughn petitioned the district court to issue its writ of certiorari and overturn the Board's decision. The district court upheld the Board's action and reaffirmed that ruling on rehearing, specifically finding that the Board's decision to revoke Vaughn's special-use permit was not "beyond [its] zoning authority."

■ The district court is empowered to review the decision of a zoning authority to determine whether the zoning body acted within the scope of its authority. *Downtown Neighborhoods Ass'n v. City of Albuquerque*, 109 N.M. 186, 189, 783 P.2d 962, 965 (Ct.App.1989). On appeal, we conduct the same review as the district court. *Id.*

■ We begin with the premise that the power of local government to zone does not derive from common law; rather, such power can only be exercised pursuant to statutory authority and in conformity with a lawfully adopted ordinance. *See Temple Baptist Church, Inc. v. City of Albuquerque*, 98 N.M. 138, 142, 646 P.2d 565, 569 (1982); *cf. Public Serv. Co. v. New Mexico Envtl. Improvement Bd.*, 89 N.M. 223, 549 P.2d 638 (Ct.App.1976) (administrative bodies have no common law power and can only act within scope of power conferred on them). Because zoning statutes and ordinances are in derogation of the common law, they are to be strictly construed. *Nesbit v. City of Albuquerque*, 91 N.M. 455, 575 P.2d 1340 (1977). Thus, in determining the scope of such statutes and ordinances, a reviewing court may not read into the law "language which is not there, particularly if it makes sense as written." *Burroughs v. Board of County Comm'rs*, 88 N.M. 303, 306, 540 P.2d 233, 236 (1975).

■ In this case, the Board's action was governed by NMSA 1978, Section 3–21–10(B) (Repl.Pamp.1985), and Sections 18(H)(1) and 26 of the Bernalillo County, N.M., Comprehensive Zoning Ordinance 213 (1988) (effective May 17, 1973). Section 3–21–10(B) grants zoning authorities the power to institute appropriate proceedings to restrain, correct, or abate violations of properly enacted ordinances. Bernalillo County Zoning Ordinance, Section 18(H), states:

*Violation of any requirement* imposed by the Bernalillo County Planning Commission in approving an application [for a special-use permit] filed under this section *shall constitute a violation of this ordinance and shall be subject to the same penalties as any other violation*

*of this ordinance.* Any requirement imposed by the Bernalillo County Planning Commission shall become effective and shall be strictly complied with immediately upon execution or utilization of any portion of the rights and privileges authorized by approval of an application.

1. *In the event a use authorized by a Special Use Permit is discontinued, the Special Use Permit may be cancelled* and removed from the official zone maps by the Planning Department 60 days after notification by certified mail to the property owner shown on the records of the Bernalillo County Assessor. Such action will be taken if the property owner does not declare in writing within the 60–day period, his intent to continue said permit. [Emphasis added.]

Subsection 18(H)(1) directly addresses cancellation of special-use permits and appears to allow cancellation only on the ground of abandonment of the use and, then, only after following certain procedures. Bernalillo County Zoning Ordinance, Section 26, specifically provides that violation of any provision of the ordinance is punishable as a misdemeanor offense, subject to fine or imprisonment or both.

■ Thus, nothing in the applicable statute or ordinance specifically allows for the cancellation, due to zoning-ordinance violations, of special-use permits that are granted for the life of the use. Moreover, we are unpersuaded by the Board's attempt to find such authority in Bernalillo County Zoning Ordinance, Section 18(A)(5). That subsection states:

The Planning Commission must review the application and progress of development three (3) years from the date of approval of the application and each year thereafter until completion of the plan, and if needed make a positive recommendation to the County Commission with respect to rezoning.

The language quoted immediately above is part of the introductory section on special-

use permits. The section provides that the Board may authorize special uses that do not otherwise conform to the ordinance. The section further provides that the Board may impose various conditions on the permits. The section concludes with the language at issue.

Section 18 of the Bernalillo County Comprehensive Zoning Ordinance must be read as a whole. *See Security Escrow Corp. v. State Taxation and Revenue Dep't,* 107 N.M. 540, 543, 760 P.2d 1306, 1309 (Ct.App. 1988). This section is comprehensive and organized logically. Subsection A begins with the power of the county to grant and condition special-use permits. The section concludes with subsection H, which deals with the consequences of violations. Analyzing subsection 18(A)(5) in context, then, we agree with Vaughn that this provision is not intended to address the consequences of violations but instead provides authority for the planning department to oversee complex and lengthy development plans and to make appropriate recommendations to the county commission. We thus construe subsection 18(A) as only providing that if the county imposes conditions on the granting of a special-use permit, then the County Planning Commission "must review the application and progress of development ... and if needed make a positive recommendation to the County Commission with respect to rezoning."

For example, in this case, there was a development plan referred to in the special-use permit document. The development plan concerned a requirement to screen the property from view by the use of certain types of fencing. While the parties dispute whether there was compliance with this or other alleged conditions on the special-use permit, there is an insufficient factual basis in the record for this court or the district court to say that the plan was not completed or that what the Board did was "rezoning." The record reflects that the County Planning Commission cancelled the special-use permit "based on the reason that the use is out of character with the surround-

ing area" and that the Board upheld the cancellation.

Nor are we persuaded by the Board's argument that we should defer to the administrative interpretation of Section 18(A)(5) provided by its zoning administrator, who appeared to be of the opinion that this subsection authorized yearly review of all special permits and authorized cancellation whenever the special use "gets out of hand." Courts will not follow incorrect administrative interpretations. *New Mexico Pharmaceutical Ass'n v. State,* 106 N.M. 73, 738 P.2d 1318 (1987). Strictly construing the express language of the foregoing provisions as we are bound to do, *Burroughs v. Board of County Comm'rs,* we hold that the Board was without authorization to revoke Vaughn's special-use permit as it did.

■ In so holding, we note that, when confronted with violations, the Board has other options in pursuing relief, such as seeking an injunction, *see Village of Skokie v. Almendinger,* 5 Ill.App.2d 522, 126 N.E.2d 421 (1955), filing an abatement action, *see City of Albuquerque v. Jackson*

*Bros.,* 113 N.M. 149, 823 P.2d 949 (Ct.App. 1991), or seeking penalties pursuant to the ordinance in quasi-criminal proceedings, *see City of Santa Fe v. Baker,* 95 N.M. 238, 620 P.2d 892 (Ct.App.1980). While one or more of these options may have been available as a remedy against Vaughn, revocation of his special-use permit was beyond the scope of the Board's authority. For this reason, we reverse the district court's order and remand to the district court with directions to set aside the cancellation of the special-use permit.

IT IS SO ORDERED.

BIVINS and BLACK, JJ., concur.