2001-NMCA-070

32 P.3d 214

**COUNTY OF SANTA FE, Plaintiff–Appellant,**

v.

**MILAGRO WIRELESS, LLC, Budagher's Landscaping Co., and William Budagher, Jr., Defendants–Appellees,**

and

**New Mexico State Highway & Transportation Department, Defendant/Intervenor–Appellee.**

No. 22,228.

Court of Appeals of New Mexico.

Aug. 3, 2001.

Christopher L. Graeser, Deputy County Attorney, Santa Fe, NM, for Appellants.

Owen C. Rouse, Rubin, Katz, Salazar, Alley, Rouse & Herdman, Santa Fe, NM, for Appellees.

Reynold E. Romero, Dennis P. Ritschel, Kenneth B. Baca, Santa Fe, NM, for Intervenor–Appellee.

## OPINION

BUSTAMANTE, Judge.

{1} Plaintiff appeals the district court's order dismissing its complaint for declaratory relief. The notice of proposed summary disposition proposed summary affirmance. Plaintiff responded with a timely memorandum in opposition arguing that this case should be reassigned to the general calendar for full briefing and a formal opinion. Having reviewed the cases on point and Plaintiff's memorandum, we agree that our opinion should be formal; however, we do not believe that additional briefing is necessary. We affirm.

## DISCUSSION

{2} This appeal arises from a dispute over a cell phone tower that Milagro Wireless, LLC (Milagro) erected on a portion of the I–25 right of way owned by the New Mexico State Highway and Transportation Department (Highway Department) near the rest area south of Santa Fe. Plaintiff County of Santa Fe attempted to prohibit Milagro from erecting the tower because it was in violation of county zoning ordinances. Milagro refused to halt construction, maintaining that the county zoning ordinances did not apply because the tower was being erected on state land. Plaintiff filed a declaratory judgment action seeking to establish that its zoning ordinances do apply. The Highway Department intervened in the action asserting that it had authorized the construction of the tower as part of its duty to maintain and regulate the use of its right of ways to accommodate public and private utility facilities. Accordingly, the Highway Department joined in Milagro's motion to dismiss.

{3} The district court dismissed the complaint holding that local ordinances do not apply to state land. Plaintiff tried to distinguish its case by arguing that a commercial entity, rather than the state, was engaging in activity prohibited by county ordinances and as such ordinances should apply.

{4} Plaintiff continues to argue that the district court erred in concluding that Plaintiff's county zoning ordinances do not apply to the cell phone tower erected on a portion of the I 25 right of way owned by the Highway Department. We noted in our notice of proposed summary disposition that local zoning ordinances generally do not apply to land owned by the state. *See City of Santa Fe v. Armijo,* 96 N.M. 663, 665, 634 P.2d 685, 687 (1981); *City of Albuquerque v. Jackson Brothers, Inc.,* 113 N.M. 149, 151, 823 P.2d 949, 951 (Ct.App.1991). Plaintiff takes issue with our reliance on *Armijo,* arguing that it only stands for the proposition that local zoning ordinances do not apply to development engaged in by the state on land owned by the state. Since the erection of the cell phone tower in this case was erected by a private, commercial entity, Plaintiff argues that *Armijo* is distinguishable and does not resolve this case. Plaintiff's argument, however, continues to ignore the fact that the cell phone tower was erected with the express approval of the Highway Department.

{5} Plaintiff points out that in *Jackson Brothers* this Court did not expressly decide whether local zoning ordinances could be enforced against a commercial entity engaged in conduct on state land because the state was not a party to the appeal. However, Plaintiff's argument relies on distinguishing between conduct undertaken by the state in its governmental capacity and conduct undertaken by a private entity with the approval of the state for a proprietary purpose. As we noted in our notice of proposed summary disposition, our Supreme Court has since rejected the use of the governmental-proprietary doctrine for any legal analysis purpose. *See Morningstar Water Users Ass'n v. Farmington Mun. Sch. Dist. No. 5,* 120 N.M. 307, 313–17, 901 P.2d 725, 731–35 (1995). Accordingly, we remain convinced that county zoning ordinances cannot override the state's authority to regulate the use of its own land, whether the activity taking place on state land is pursued by the state or by a private entity with the state's approval.

{6} Plaintiff seeks to justify its own attempt to regulate the construction of cell phone towers on state land by arguing that the Highway Department has no actual authority to approve the construction of cell phone towers on state land. In this regard, Plaintiff challenges our citation to statutes in our notice of proposed summary disposition suggesting that the Highway Department retains the authority to permit the construction of cell phone towers as part of its apparent authority to reasonably accommodate public and private utility facilities within its public highways. *See* NMSA 1978, §§ 67–3–12(C) (1933) and 67–8–15 (1959). Plaintiff questions whether the Highway Department's authority to permit the placement of telephone utility lines on public highway right-of-ways encompasses a wireless communications tower. However, whether a specific statute imposes a duty upon the Highway Department to accommodate wireless communications towers is irrelevant to the county's authority to impose its own zoning regulations on state land.

{7} Although a statute may grant general zoning power to a local body, it does not give that local body the power to enforce zoning ordinances on state land absent express delegation of such power by statute. *See Armijo,* 96 N.M. at 665, 634 P.2d at 687. Plaintiff fails to point to any express statutory delegation of power to the county to enforce its zoning ordinances on state land. Although Plaintiff refers to its statutory authority to zone "within its jurisdiction," *see* NMSA 1978, § 3–21–1(A) (1995), that is not an express grant of authority to zone on state land. Plaintiff's reliance on NMSA 1978, Section 4–37–1 (1975), is also unpersuasive because that statute simply acknowledges that counties are granted the same powers granted to municipalities except for those powers that are inconsistent with the statutory or constitutional limitations placed on counties. Section 4–37–1 in no way provides an express grant of authority to enforce local zoning ordinances on state land.

We also disagree with Plaintiff's suggestion that NMSA 1978, Section 3–21–11 (1965), authorizes it to enforce county zoning ordinance on state lands. Section 3–21–11 simply provides a framework for resolving conflicts between zoning ordinances and other statutes, ordinances, and regulations. It does not provide counties with express authority to zone on state land.

{8} Finally, Plaintiff attempts to infer from Section 3–21–1(C) that the legislature actually intends for local zoning ordinances to apply to state lands. We reject Plaintiff's attempt to read Section 3–21–1(C) so broadly. That section simply provides that state-licensed or state-operated community residences for the mentally ill shall be considered a residential use for zoning purposes. Plaintiff reads too much into this section by inferring that the legislature has implicitly recognized that local zoning ordinances apply to state lands, particularly since there is no indication that such community residences are necessarily located on state-owned land. It is more likely that the legislature intended to address situations where such community residences, located on non-state land, would otherwise not qualify as a residential use under local zoning ordinances.

## CONCLUSION

{9} In light of the foregoing, and for the reasons set forth in our notice of proposed summary disposition, we see no reason to depart from the well-settled principle that local zoning ordinances may not be enforced on state-owned lands, regardless of whether the activity that the county seeks to regulate is characterized as governmental or proprietary in nature. Accordingly, we affirm the district court's order dismissing Plaintiff's complaint.

{10} **IT IS SO ORDERED.**

WE CONCUR: A JOSEPH ALARID, Judge, and CELIA FOY CASTILLO, Judge.